# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARLENE MOORE, )<br>Individually and as Executrix of the )<br>Estate of Jared Michael Moore, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BOARD OF COUNTY COMMISSIONERS )<br>OF THE COUNTY OF LEAVENWORTH, )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br><br>No. 05-2556-KHV |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Marlene Moore, as executrix of the Estate of Jared Moore, files suit under 42 U.S.C. §§ 1983 and 1988 seeking money damages for violation of his rights under the Fourth and Fourteenth Amendments, as well as declaratory and injunctive relief. Marlene Moore and Patrick Richard Moore file suit under 42 U.S.C. §§ 1983 and 1988 seeking money damages for violation of their own rights under the First Amendment, as well as declaratory and injunctive relief. Plaintiffs also allege violations of the Kansas constitution, the Kansas Open Records Act, K.S.A. § 45-215 et seq., and the Kansas Tort Claims Act, K.S.A. § 75-6101 et seq.

This matter comes before the Court on Defendant Robert L. Peterman's Motion to Dismiss (Doc. #29) filed April 14, 2006. For the reasons set forth below, the Court overrules the motion. **The Court also orders that plaintiffs show good cause in writing why the procedural due process claim on behalf of Jared Moore should not be dismissed for failure to state a claim on which relief can be**

**granted.**

## Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must assume as true all well pleaded facts in plaintiffs' complaint and view them in a light most favorable to plaintiffs. Zinermon v. Burch, 494 U.S. 113, 118 (1990); see Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). The Court must make all reasonable inferences in favor of plaintiffs. Zinermon, 494 U.S. at 118; see also Fed. R. Civ. P. 8(a); Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court, however, need not accept as true those allegations which state only legal conclusions. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The issue in reviewing the sufficiency of plaintiffs' complaint is not whether they will prevail, but whether they are entitled to offer evidence to support their claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiffs can prove no set of facts in support of their theory of recovery that would entitle them to relief. See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiffs need not precisely state each element of their claims, they must plead minimal factual allegations on those material elements that must be proved. Hall, 935 F.2d at 1110.

Qualified immunity may properly be raised in a Rule 12(b)(6) motion to dismiss; asserting such immunity in this fashion, however, "subjects the defendant to a more challenging standard of review than would apply on summary judgment." Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004). Qualified immunity "shields government officials performing discretionary functions from liability 'if their conduct does not violate clearly established rights of which a reasonable government official would have

known.'" Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006) (quoting Perez v. Unified Gov't of Wyandotte County/Kansas City, Kan., 432 F.3d 1163, 1165 (10th Cir. 2005)). The Court must make two determinations in evaluating defendant's qualified immunity in the context of the motion to dismiss. First, the Court must determine whether plaintiffs have alleged the deprivation of a constitutional right. Peterson, 371 F.3d at 1202 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Second, the Court must determine whether that right was clearly established at the time of the alleged violation. Id. (citing Saucier, 533 U.S. at 201). Plaintiffs bear the burden of alleging facts sufficient to allow the Court to make these determinations. See id. at 1202-03; see also Perez, 432 F.3d at 1165. If plaintiffs' allegations sufficiently allege the deprivation of a clearly established constitutional right, qualified immunity will not protect defendant.

A valid qualified immunity defense will only relieve defendant of individual liability. Harlow v. Fitgerald, 457 U.S. 800, 818 (1982). Qualified immunity will not shield defendant from claims in his official capacity or claims for prospective relief. See id. at 819 n.34; see also Meiners v. Univ. of Kan., 359 F.3d 1222, 1233 n.3 (10th Cir. 2004).

**Factual Background**

Plaintiffs' first amended complaint alleges the following facts:

Marlene Moore and Patrick Richard Moore are parents of Jared Michael Moore, a volunteer firefighter with the Township Fire Department of Fairmont, Kansas. Jared Moore died in an automobile accident on December 28, 2004, and Marlene Moore is the executrix of his estate. Robert Peterman is a deputy with the Sheriff's Department of Leavenworth County, Kansas.

On the night of December 28, 2004, the sheriff's department issued an emergency bulletin

regarding a rollover automobile accident. Jared Moore responded in his personal vehicle, a 1994 Dodge Shadow, and activated his hazard lights as he proceeded to the scene. Deputy Peterman responded in his department-issued squad car with overhead lights, but no siren, activated. As Jared Moore reached the intersection of 155th Street and Donahoo, he began to make a left turn toward the scene of the accident. Before he could complete the turn, Deputy Peterman approached from the rear, driving in excess of 85 miles per hour, swerved, missed the turn and collided with Moore's vehicle. Moore suffered severe injuries and later died.

Plaintiffs filed suit against Deputy Peterman alleging violations of the Fourth and Fourteenth Amendments under 42 U.S.C. §§ 1983 and 1988.[1] Plaintiffs seek money damages from Deputy Peterman in his official and individual capacities, as well as declaratory and injunctive relief. Defendant argues that because of qualified immunity, the Court should dismiss plaintiffs' Fourth Amendment claim and substantive due process claim under the Fourteenth Amendment.

## Analysis

As noted, defendant asserts qualified immunity with respect to plaintiffs' claims under the Fourth Amendment and the substantive due process clause of the Fourteenth Amendment. Qualified immunity is grounded in Section 1983 and is intended to protect the State and its officials from the over-enforcement of federal rights. <u>Johnson v. Fankell</u>, 520 U.S. 911, 919 (1997).

**I.      Fourth Amendment Claim**

Plaintiffs allege that defendant seized Moore unreasonably and through the use of excessive force,

---

[1] Plaintiffs also sue other defendants, including elected officials and current and former officers. Those defendants are not involved in this motion.

-4-

in violation of the Fourth Amendment. The Fourth Amendment provides an explicit textual source of constitutional protection from the use of unreasonable or excessive force in effectuating a seizure. Graham v. Connor, 490 U.S. 386, 395 (1989). To allege a Fourth Amendment violation, plaintiffs must allege that defendant terminated Moore's freedom of movement "through means intentionally applied." Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989); accord Apodaca v. Rio Arriba County Sheriff's Dep't, 905 F.2d 1445, 1447 (10th Cir. 1990). The Supreme Court has drawn a clear distinction between negligent restraint which gives rise to tort liability and an intentional seizure which may violate the Fourth Amendment. See Brower, 489 U.S. at 596-97 (restraint must be intentional, not merely negligent, to constitute Fourth Amendment seizure). The intent necessary to create a Fourth Amendment seizure cannot be inferred from an act that is only negligent; an allegation of actual intent is necessary to properly allege a Fourth Amendment seizure because one restrained accidentally, even recklessly, does not have a constitutional complaint. Apodaca, 905 F.2d at 1447 (citing Brower, 489 U.S. at 597). In Apodaca, a sheriff's deputy collided with another vehicle while driving 55 to 65 miles per hour around a blind curve on which the regular speed limit was 35 miles per hour, after midnight, in rain and sleet, without lights or sirens. 905 F.2d at 1446. Even under these circumstances, which are arguably more reckless than the present case, the Tenth Circuit held that no seizure could occur under the Fourth Amendment without an allegation that the deputy intended to stop either the other vehicle or its driver. Id. at 1447. The Court recognizes that heightened pleading cannot be required to overcome qualified immunity. See Crawford-El v. Britton, 523 U.S. 574 (1998); see also Currier v. Doran, 242 F.3d 905, 916 (10th Cir. 2001) (concluding that heightened pleading requirement does not survive Crawford-El). In this case, however, the requisite intent is an element of plaintiff's affirmative case and does not constitute a heightened pleading requirement. See

Currier, 242 F.3d at 913 n.4 (where intent is element of affirmative case, plaintiff's proof requirements not altered).

Paragraph 73 of the first amended complaint alleges that "[t]he defendants' conduct constitutes a seizure and taking, and the excessive use of deadly force in the form of a hulking, speeding patrol car specially equipped with crash bars, designed and intended to inflict great bodily harm against [Moore]." While the phrase "designed and intended" might be interpreted to describe the patrol car and its crash bars, it can also be interpreted in a light more favorable to plaintiff as alleging intentional use of deadly force by Deputy Peterman. So construed, plaintiff alleges a Fourth Amendment seizure.[2] Plaintiffs have also alleged that such seizure was unreasonable. Plaintiff has therefore alleged the deprivation of a constitutional right protected by the Fourth Amendment and the Court must consider whether that right was clearly established at the time of the alleged violation.

For a right to be clearly established, "there must be a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits must have found the law to be as the plaintiff maintains." Moore v. Guthrie, 438 F.3d 1036, 1042 (10th Cir. 2006) (citations omitted). It is not required that "the very action in question has previously been held unlawful," but in the light of pre-existing law the unlawfulness must be apparent. Anderson v. Creighton, 483 U.S. 635, 639 (1987). For more than 15 years, Supreme Court and Tenth Circuit case law have established that an

---

[2] Plaintiffs may have stumbled into this allegation. The remaining 132 paragraphs of the complaint do not come close to alleging that Deputy Peterman intentionally exercised deadly force against Jared Moore and plaintiffs' memorandum in opposition to defendant's motion does not allege that Deputy Peterman acted intentionally. In fact, but for this single allegation, plaintiffs' complaint and memorandum are premised on the argument that Deputy Peterman acted recklessly, unreasonably and with deliberate indifference.

officer's intentional and unreasonable use of a police cruiser to restrain another individual's freedom of movement violates the Fourth Amendment. See Brower, 489 U.S. at 597 (officer who intentionally sideswipes another vehicle with cruiser seizes other vehicle and its driver); see also Apodaca, 905 F.2d at 1447 (unreasonable intentional detentions effected by police officer in cruiser violate Fourth Amendment). On this record, because plaintiff has alleged the deprivation of a constitutional right which was clearly established at the time of the violation, Deputy Peterman is not entitled to qualified immunity on plaintiffs' Fourth Amendment claim.

## II.     Substantive Due Process Claim Under The Fourteenth Amendment

Plaintiffs allege that defendant's "cowboy" actions were a product of deliberate and/or reckless indifference which shocks the conscience and therefore violates the substantive due process clause of the Fourteenth Amendment. The Tenth Circuit recently reemphasized the distinction between tort actions and substantive due process claims, stating that the Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." Only government conduct that "shocks the conscience" can give rise to a substantive due process claim. Perez, 432 F.3d at 1166 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998)).

In Perez, the Tenth Circuit laid the groundwork for determining when an emergency response vehicle engages in conduct which shocks the conscience, holding that "[w]hen government officials face a situation 'calling for fast action,' only official conduct done with an intent to harm violates the Fourteenth Amendment." Id. (citing Lewis, 523 U.S. at 853). Such situations demand immediate response without time for deliberation, and "even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates the large concerns of the governors and the governed." Lewis, 523 U.S.

at 853 (internal quotations and citations omitted).  The intent to harm standard "applies in rapidly evolving, fluid, and dangerous situations which preclude the luxury of calm and reflective deliberation."  Terrell v. Larson, 396 F.3d 975, 978 (8th Cir. 2005) (en banc), quoted in Perez, 432 F.3d at 1167.  Under Perez, that standard is correctly applied where a firefighter or police officer is involved in an automobile accident while responding to an emergency call.  432 F.3d at 1167.  Such a situation "presents a paradigmatic example of a decision that must be made in haste and under pressure."  Id.

Plaintiffs argue that instead of the intent to harm standard, the Court should apply the less onerous deliberate indifference standard.  See Lewis, 523 U.S. at 851.  That standard applies in situations where defendant is able to engage in deliberation before acting.  Id.  Plaintiffs' argument is without merit in light of Perez, which notes that no case has applied the deliberate indifference standard where a government official is responding to an emergency.  432 F.3d at 1168.  Here, as in Perez, an allegation of intent is critical because "[i]t simply cannot be said that the decision to drive quickly – even recklessly so – in response to an emergency call shocks the conscience."  Id. (bystander hit by emergency response vehicle cannot maintain substantive due process claim without alleging intent to harm).

As noted above, the complaint contains a single allegation which might be interpreted as an allegation of intent.  Construing paragraph 73 in favor of plaintiffs, the Court finds that the complaint sufficiently alleges that Deputy Peterman intended to harm Moore by using excessive deadly force against him.  Because plaintiffs have therefore alleged the deprivation of a constitutional right protected by the Fourteenth Amendment, the Court must consider whether that right was clearly established at the time of the alleged violation.

In 1998, the Supreme Court decision in Lewis established that a police officer who injures another

while engaged in a high speed pursuit with an intent to harm is subject to liability under the Fourteenth Amendment.  523 U.S. at 854.  Plaintiff has therefore alleged the deprivation of a constitutional right which was clearly established at the time of the violation, and Deputy Peterman is not entitled to qualified immunity on plaintiffs' Fourteenth Amendment substantive due process claim.

### III.     Procedural Due Process Claim Under The Fourteenth Amendment

Plaintiffs allege that defendants collectively deprived Moore of life, liberty or property without due process of law in violation of the procedural due process clause of the Fourteenth Amendment.  The allegations of the complaint, however, do not appear to state a procedural due process claim.[3]  Accordingly, on or before **November 6, 2006**, plaintiffs shall show cause in writing why this claim should not be dismissed for failure to state a claim on which relief can be granted.  Defendants may respond on or before **November 20, 2006**.

**IT IS THEREFORE ORDERED** that Defendant Robert L. Peterman's Motion to Dismiss (Doc. #29) filed April 14, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **November 6, 2006**, plaintiffs shall show cause in writing why their procedural due process claim under the Fourteenth Amendment should not be dismissed for failure to state a claim on which relief can be granted.  Defendant may respond on or before **November 20, 2006**.

---

[3]     To this point, defendants have not challenged the procedural due process claim.  Plaintiffs argue that the validity of the claim is recognized in Gonzales v. City of Castle Rock, 366 F.3d 1093 (10th Cir. 2004), but the Supreme Court reversed the Tenth Circuit decision in Gonzales.  See Town of Castle Rock v. Gonzales, 545 U.S. 748 (2005).

Dated this 23rd day of October, 2006 at Kansas City, Kansas.

                                              <u>s/ Kathryn H. Vratil</u>
                                              Kathryn H. Vratil
                                              United States District Judge